# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6131 | DATE | 6/2/2004 |
| CASE TITLE | United States, *et al.* vs. Alex D. Moglia, not individually, but as Chapter 7 Trustee for the Estate of Outboard Marine Corp. and its related debtor entities | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion for Certification

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Trustee's Motion for Certification brought pursuant to 28 U.S.C. § 1292(b) [docket entry 23-1] is granted. See attached..

*/s/ Charles R. Norgle/*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 7 2004 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| X | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | JXM | |
| | Mail AO 450 form. | 2004 JUN -4 AM 8:56 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and <br> PEOPLE OF THE STATE OF ILLINOIS, <br> Plaintiffs, <br><br> v. <br><br> ALEX D. MOGLIA, not individually, but as <br> Chapter 7 Trustee for the Estate of Outboard <br> Marine Corp. and its related debtor entities, <br> Defendant. | No. 02 C 6131 <br><br> Honorable Charles R. Norgle |

**DOCKETED**
**JUN 0 7 2004**

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is Trustee's Motion for Certification, brought pursuant to 28 U.S.C. § 1292(b). For the following reasons, the motion is granted.

## I. BACKGROUND

On July 16, 2002, the United States and the State of Illinois (collectively "the Governments") filed a First Amended Complaint against Alex D. Moglia, not individually but as Chapter 7 Trustee ("the Trustee") for the Estate of Outboard Marine Corporation and its related debtor entities ("the Estate"). The Complaint seeks, *inter alia*, injunctive relief to enforce against the Estate alleged regulatory obligations of the debtor, Outboard Marine Corporation, pursuant to the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.* ("RCRA") and injunctive relief to enforce compliance with a Consent Decree entered pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9606 ("CERCLA").

The Trustee filed a motion to dismiss the Complaint, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming: (1) that the Estate cannot be forced to comply with RCRA

because the Complaint in essence seeks a monetary claim, and (2) that the Governments are not entitled to injunctive relief as the Estate no longer owns the facility, which was abandoned pursuant 11 U.S.C. § 554 and approved by a Settlement Agreement in the bankruptcy court. As to the first contention, the Governments argued that the Complaint sought injunctive relief, which is not a dischargeable claim for bankruptcy purposes. As to the second contention, the Governments argued that abandonment of the property was irrelevant as section 7003 of the RCRA allows suit to be brought against "any person (including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility) who has contributed or who is contributing to such handling, storage, treatment, transportation or disposal. . . ." 42 U.S.C. § 6973(a). According to the Governments' arguments, Outboard Marine Corporation was a "past or present owner" under section 7003 of the RCRA, and whether it continued to own the property was irrelevant. The Governments argued that the Trustee, as representative of the Estate, cannot be separated from Outboard Marine Corporation, because under general bankruptcy law the Trustee "stands in the shoes" of the debtor. Further, the Governments argued that section 554 of the Bankruptcy Code, 11 U.S.C. § 554, refers only to abandonment of property and not abandonment of any liability that may attach as a result of past property ownership.

On September 23, 2003, the court denied the motion to dismiss, holding that the Complaint put the Trustee on notice that the Governments were seeking injunctive relief, and cited <u>AM Int'l, Inc. v. Datacard Corp.</u>, 106 F.3d 1342, 1348 (7th Cir. 1997), which held that claims for injunctive relief under the RCRA do not fall within the definition of a claim under the Bankruptcy Code, 11 U.S.C. § 101(5). <u>See</u> Minute Order of of September 23, 2003.

The Trustee filed the instant motion for certification pursuant to 28 U.S.C. § 1292(b), which

2

is fully briefed and before the court. The Trustee seeks to have the following legal question certified for interlocutory appeal: Whether a Chapter 7 trustee may be directed under the RCRA to expend funds of a Chapter 7 estate to clean up real property contaminated by the debtor pre-petition, when the real property has been abandoned pursuant to 11 U.S.C. § 554 and is no longer property of the bankruptcy estate.

## II. DISCUSSION

### A. Standard of Decision

The movant seeking the grant of a motion to certify an interlocutory order for immediate appeal pursuant to 28 U.S.C. § 1292(b) bears a heavy burden, as only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Fisons Limited v. United States, 458 F.2d 1241, 1248 (7th Cir.1972), *cert. denied* 405 U.S. 1041 (1972). The statutory text of 28 U.S.C. § 1292(b) provides, *inter alia*:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

"There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." Ahrenholz v. Bd. of Trustees of the Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed." Id. at 675-76 (citing Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc., 202 F.3d 957, 958 (7th Cir. 2000)). All of these criteria must be satisfied in order to certify an

3

interlocutory order for immediate appeal. See id. at 676 ("The criteria are conjunctive, not disjunctive."); see also In re Hamilton, 122 F.3d 13, 14 (7th Cir. 1997) (emphasizing proper standard of decision under 28 U.S.C. § 1292(b)).

**B. Analysis of 28 U.S.C. § 1292(b) Criteria**

*1. Question of Law*

The first statutory criterion under § 1292(b) is that there must be a question of law. In Ahrenholz, the Seventh Circuit provided a definition of "question of law," stating that a "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ." 219 F.3d at 676. The Seventh Circuit then emphasized that the framers of § 1292(b) intended the term "question of law" to refer to "'pure' question[s] of law rather than merely to an issue that might be free from a factual contest." Id. at 676-77. The Seventh Circuit referred to orders denying immunity defenses as the paradigmatic example of such a "question of law." Id. at 677 (citing Johnson v. Jones, 515 U.S. 304, 317 (1995)).

With regard to the instant opinion, the court finds that Trustee presents such a paradigmatic example of such a "question of law." The legal question of whether a Chapter 7 trustee may be directed under the RCRA to expend funds of a Chapter 7 estate to clean up abandoned real property contaminated by the debtor pre-petition is in the nature of an immunity defense, and as such is a pure question of law.

*2. Controlling*

The second statutory criterion under § 1292(b) is that the question of law must be controlling. A question of law is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." Sokaogon Gaming Enter. Corp., v. Tushie-Montgomery

4

Assocs., Inc., 86 F.3d 656, 659 (7th Cir 1996).

With regard to the instant opinion, the court finds that the question of law is controlling. If Trustee is immune from suit under the RCRA, the case against him must be dismissed.

*3. Contestable*

The third statutory criterion under § 1292(b) is that the question of law must be contestable, *i.e.*, that substantial grounds for a difference of opinion on the issue exist. A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal. See Smith v. City of Chicago, No. 94 C 920, 2003 WL 1989612, *1 (N.D. Ill. April 28, 2003).

The Trustee argues that the question of whether a Chapter 7 trustee may be directed under the RCRA to expend funds of a Chapter 7 estate to clean up abandoned real property contaminated by the debtor pre-petition, is a matter of first impression. In response, the Governments argue that no substantial ground for a difference of opinion exists in light of the statutory text of the Solid Waste Disposal Act, 42 U.S.C. § 6973(a), and section 554 of the Bankruptcy Code, 11 U.S.C. § 554, dealing with abandonment. The Governments' argument — that 11 U.S.C. § 554 refers only to abandonment of property and not abandonment of any liability that may attach as a result of past property ownership — is well-reasoned and placates the competing aims of bankruptcy and environmental law; however, the Governments have provided no direct authority on the issue as framed by the Trustee.

While the court denied the motion to dismiss based on the applicable notice pleading standard under Federal Rule of Civil Procedure 12(b)(6), the court has not found any controlling

authority directly addressing the issue as framed by the Trustee, and as such, the issue is contestable.

*4. Speed Up the Litigation*

The fourth statutory criterion under § 1292(b) is that resolution of the question of law "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

With regard to the instant opinion, the court finds that resolution of the question of law "may materially advance the ultimate termination of the litigation." If the court's order denying the motion to dismiss was erroneous, the Trustee would be immune from suit under the RCRA, and the case would be dismissed.

*5. Timeliness of Motion to Certify*

The instant motion was filed within one week of the court's order of which certification of appeal is sought, and as such the motion is timely.

### III. CONCLUSION

For the foregoing reasons, the Trustee's motion for certification pursuant to 28 U.S.C. § 1292(b) is granted. The following issue meets the requirements of 28 U.S.C. § 1292(b): Whether a Chapter 7 trustee may be directed under the RCRA to expend funds of a Chapter 7 estate to clean up real property contaminated by the debtor pre-petition, when the real property has been abandoned pursuant to 11 U.S.C. § 554 and is no longer property of the bankruptcy estate. Therefore, the court's order of September 23, 2003 is certified to the Seventh Circuit Court of Appeals for interlocutory review.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 6/2/04

6